# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

TRAVIS McGUIRE,

    Petitioner,

v.                                    No. CIV 03-1108 JP/LFG

TIM LeMASTER, et al.,

    Respondents.

**MAGISTRATE JUDGE'S ANALYSIS AND RECOMMENDED DISPOSITION**[1]

    THIS MATTER is before the Court on Petitioner Travis McGuire's ("Mr. McGuire's") Motion for Temporary Restraining Order ("TRO"), filed May 10, 2004. [Doc. No. 26.] Mr. McGuire also filed an accompanying brief or affidavit statement [Doc. No. 25] and a "Motion to Present" exhibits apparently in support of the Motion for TRO [Doc. No. 24]. No response is necessary. For the reasons stated below, the Court recommends that Petitioner's request for relief be denied.

    On September 19, 2003, Mr. McGuire filed a petition for writ of habeas corpus under § 2254.[2] [Doc. No. 1.] He is currently incarcerated at the New Mexico State Penitentiary in Santa Fe in accordance with a state court judgment. His application for habeas corpus generally challenged

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

[2] The Court construed Mr. McGuire's claims as being brought under 28 U.S.C. § 2241. [Doc. No. 8.]

confinement or conditions of confinement. [Doc. No. 1, p. 2.] Mr. McGuire's claims also included a due process claim arising from disciplinary proceedings. That claim survived initial review by the Court, but the remaining claims could not be adjudicated under the habeas corpus statutes and were dismissed in an Order entered by the Court on October 9, 2003. [Doc. No. 8.]

Mr. McGuire's Motion for TRO similarly challenges conditions of incarceration and is not properly brought as part of his habeas corpus action. For example, he asserts that he is being retaliated against by prison officials and that they have exhibited "deliberate and malicious conduct" towards him and have permitted him to be punished excessively. [Doc. No. 26.] He requests, through his motion, that the "deliberate retaliatory and malicious conduct" by prison officials be stopped. [Doc. No. 26, p. 2.] He asks that the prison warden and subordinates be admonished for their alleged deliberate indifference. [Doc. No. 26, p. 3.]

As stated in the Court's October 9, 2003 Order, the proper vehicle in which to pursue constitutional claims and relief, that do not challenge the fact or length of confinement, is a civil rights complaint under 42 U.S.C. § 1983. This is true because only challenges to the fact of conviction or confinement or duration of confinement are cognizable under the habeas statutes. Preiser v. Rodriguez, 411 U.S. 475, 489, 494, 93 S.Ct. 1827, 1836, 1838 (1973). In contrast, attacks on unconstitutional conditions of confinement are typically brought under § 1983. Rhodes v. Hannigan, 12 F.3d 989, 991-92 (10th Cir. 1993); Woodruff v. Everett, 43 Fed. Appx. 244, 2002 WL 1614233 at *1 (10th Cir. July 23, 2002). *See also* Rios v. Commandant, United States Disciplinary Barracks, 2004 WL 670891 at *1-2 (10th Cir. Apr. 1, 2004) (affirming dismissal of § 2241 due process claim and challenge to prolonged administrative segregation, without prejudice to filing a § 1983 complaint).

Because the Court construes Mr. McGuire's request for relief in his Motion for TRO to again be a challenge to the alleged unconstitutional conditions of confinement, the Court recommends that the motion be denied. To the extent that Mr. McGuire's pleadings and attachments, in relation to the request for TRO, are construed as supplemental support to his initial habeas application (and the claim(s) that remain), they will be considered when the Court decides the habeas petition.

Even if the Court could address the merits of the Motion for TRO, Mr. McGuire's request would fail. A party seeking a preliminary injunction and temporary restraining order has the burden of demonstrating all four of the following elements: (1) that he will suffer irreparable harm unless the injunction issues; (2) there is a substantial likelihood that he will ultimately prevail on the merits; (3) the threatened injury to him outweighs any harm the proposed injunction will cause non-movants; and (4) the injunction would not be contrary to the public interest. American Civil Liberties Union v. Johnson, 194 F.3d 1149, 1155 (10th Cir. 1999). Mr. McGuire's pleadings and arguments did not address any of these elements. Thus, the request necessarily would have failed because Mr. McGuire did not satisfy his burden with respect to any of the above stated elements.

## Recommended Disposition

That Mr. McGuire's Motion for Temporary Restraining Order [Doc. No. 26] be DENIED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge