IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TRAVIS McGUIRE,

       Petitioner,

v.                                                  No. CIV 03-1108 JP/LFG

TIM LeMASTER, et al.,

       Respondents.

### MAGISTRATE JUDGE'S ANALYSIS AND RECOMMENDED DISPOSITION[1]

    1.     THIS MATTER is before the Court on *pro se* Petitioner Travis McGuire's ("Mr. McGuire's") petition for writ of habeas corpus initially brought under 28 U.S.C. § 2254. [Doc. No. 1.] Mr. McGuire is currently incarcerated at the New Mexico State Penitentiary ("PNM") in Santa Fe, pursuant to a state court judgment. In 1988, Mr. McGuire was convicted of first degree murder, kidnaping, criminal sexual penetration, robbery, tampering with evidence, contributing to the delinquency of a minor, and unlawful taking of a motor vehicle. He is serving a life sentence, plus several additional and consecutive terms of imprisonment, pursuant to a judgment and sentence entered August 30, 1990. [Doc. No. 13, Ex. A.]

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

2.	In a previous Order issued by the Court on October 9, 2003 [Doc. No. 8], the Court construed Mr. McGuire's petition as one brought under 28 U.S.C. § 2241 because it expressly challenged "confinement or conditions of confinement or matters other than the sentence or order of confinement." Hamm v. Saffle, 300 F.3d 1213, 1216 (10th Cir. 2002). In the October 9 Order, the Court concluded that all of Mr. McGuire's claims, with the exception of the due process claim arising from disciplinary proceedings, had to be dismissed because they could not be adjudicated under the habeas corpus statutes. In other words, Mr. McGuire's claims attacked the conditions of his confinement rather than the "fact or length of his confinement."[2] See Preiser v. Rodriguez, 411 U.S. 475, 494 (1973) (traditional purpose of habeas corpus action is a challenge to the fact or length of an inmate's confinement, and the attempt to obtain immediate or a more speedy release.) Therefore, because he did not seek the remedy of immediate release or a shortened period of confinement, the claims were not cognizable under habeas corpus statutes and instead, might have been pursued under 42 U.S.C. § 1983. [Doc. No. 8.]

3.	Mr. McGuire's surviving due process claim(s) appeared to challenge prison disciplinary proceedings which resulted in his placement in administrative segregation at the Lea County Correctional Facility ("LCCF") for perhaps a period of four months[3] and also his restrictive

---

[2] Mr. McGuire recently filed a motion for temporary restraining order and supporting documents but the Magistrate recommended that his motion be denied because the claims he attempted to assert were again not cognizable under the habeas corpus statutes. Instead, they might have been raised by way of a 42 U.S.C. § 1983 Complaint.

[3] It is unclear from the pleadings and attachments how much time Mr. McGuire spent in involuntary administrative segregation. It appears that he was first placed in administrative segregation in January 2001 in LCCF. [Ex. E-6 to Martinez Report, Jan. 22, 2001 Memo stating that McGuire and other inmates were immediately placed in administrative segregation.] A May 17, 2001 memo states that on that same date, Mr. McGuire was re-classified from Involuntary Administrative Segregation to the Special Controls Unit at PNM North and placed on Level VI. [Ex. E-4 to Martinez Report.] Thus, it appears that he was in administrative segregation for four months.

classification to "Level VI" status at the state penitentiary.    Mr. McGuire claimed generally that he was not given notice of the prison rules he was accused of violating, not given a committee hearing on certain charges, not afforded an opportunity to contest the allegations against him, and not presented with evidence against him to justify placing him administrative segregation and/or Level VI status.  [Doc. No. 1.]

4.     The relief sought by Mr. McGuire was that he be placed back into the general prison population and that his record be expunged from false allegations and any other relief the Court found just and proper.  [Doc. No. 1, state habeas petition attached, p. 12.]  Generally, this type of due process claim, based on the allegations and relief sought, is not cognizable under the habeas corpus statutes and should have been brought under 42 U.S.C. § 1983.  This is true because Mr. McGuire did not allege that he was improperly denied good time credits or that the allegedly false information in his record that he sought to have expunged might affect the duration of his period of confinement.  Indeed, Mr. McGuire appeared to challenge the conditions of his confinement and not the duration of his period of incarceration.

5.     However, the Magistrate Judge gave Mr. McGuire the benefit of the doubt by allowing the due process claim to proceed.  *Pro se* complaints are to be liberally construed and held to less stringent standards.  Haines v. Kerner, 404 U.S. 519, 520-21, *reh'g denied*, 405 U.S. 948 (1972).

6.     On November 13, 2003, Respondents filed a Motion to Dismiss conceding that Mr. McGuire had exhausted his claims but contending that none of his claims were cognizable under 28 U.S.C. § 2254.  [Doc. No. 11.]  Mr. McGuire filed a response on November 25, 2003.  [Doc. No. 25.]  Before deciding the motion, the Court determined that additional factual information was

necessary. The Magistrate Judge thoroughly summarized Mr. McGuire's allegations supporting his due process claim(s) and the pertinent law [Doc. No. 15], and then directed Respondents to produce certain information regarding whether Mr. McGuire's placement in administrative segregation or his transfer to PNM and placement in Level VI status would lengthen his sentence, notwithstanding an absence of allegations to this effect in Mr. McGuire's petition and earlier pleadings. The Court concluded that a Martinez Report, while typically employed in § 1983 cases, would be helpful in this particular case. Therefore, Respondents were directed to expand the record in a number of categories, including information about whether Mr. McGuire was entitled to good time credits that he was refused or whether his eligibility for good time credits was affected by his placement and classification level. [Doc. No. 15.] The Court then explained in its Order that it could consider both parties' submissions in determining whether summary judgment was appropriate. [Doc. No. 15.]

7.     On February 27, 2004, Respondents filed a 30-page Report and Response to the Court's Order, along with hundreds of pages of attachments, including prison regulations and documentation specific to Mr. McGuire's due process claim(s). [Doc. No. 17.] Respondents continued to argue that Mr. McGuire did not present any viable due process claim and failed to articulate a federal constitutional defect that might warrant relief under the habeas corpus statutes. Respondents also asserted that even assuming Mr. McGuire could demonstrate that a liberty interest was implicated with respect to his placement in administrative segregation or his classification level, he received all of the process that was due under the circumstances.

8.     In Mr. McGuire's response to the Martinez Report and attachments, he argues at length regarding the process he received in relation to his placement in administrative segregation and the Level VI classification. In addition, for the first time Mr. McGuire briefly discusses the good time

months he had accumulated and requests a court ruling that he be given the months of accumulated good time to be applied to his sentence.

9. Respondents' Report and Response, however, explain that a New Mexico Attorney General Opinion issued in 1986 (86-01) changed the policy of the New Mexico Department of Corrections with respect to the award of good time credits against a life sentence. Based on the Attorney General Opinion, prisoners like Mr. McGuire who are serving life sentences, are not eligible for good time credits under New Mexico Law. [Doc. No. 17, p. 3.] As an inmate serving a life sentence, Mr. McGuire becomes eligible for a parole hearing only after he has served thirty years of his sentence with a review of a denial of parole every two years afterwards. NMSA 1978 § 31-21-10(A)(2003). Moreover, the New Mexico Supreme Court concluded that the Department has no statutory authority to reduce the sentence of an inmate's life sentence through the use of good time credits earned. Compton v. Lytle, 2003-NMSC-031 ¶¶ 5, 22, 134 N.M. 586, 81 P.3d 39, 41, 46 (2003). Notwithstanding the fact that Mr. McGuire's sentence cannot be reduced for good time served, Respondents explained that they keep an institutional record of good time credits for all prisoners, including Mr. McGuire. However, this does not mean that he is eligible to have good time credits applied against his sentence. Thus, the accumulation or forfeiture of good time credits has no bearing on when Mr. McGuire will receive his parole hearing.

10. Respondents further explained that administrative segregation and Level VI classification have no impact on Mr. McGuire's eligibility to earn good time credits and no impact on the length of his sentence. Regardless of segregation and classification status, Mr. McGuire must serve thirty years of his life sentence before he is eligible for parole.

11. Here, the Court concludes that Mr. McGuire's remaining due process allegations do not state a claim on which habeas relief can be granted. He does not challenge the fact or duration of his confinement and does not seek the remedy of immediate release or a shortened period of confinement. *See* Preiser, 411 U.S. at 489, 494; Hamm, 300 F.3d 1213; *cf.* Hogan v. Zavaras, 93 F.3d 711 (10th Cir. 1996). Mr. McGuire makes no claim that any forfeiture of good time credits impacted his period of incarceration, nor did he argue that segregation and/or his classification level affected his term of incarceration. Moreover, while Mr. McGuire requested expungement of allegedly false allegations against him from his record, he did not assert that the information on his record affected the date he would become eligible for parole. *See* Preiser, 411 U.S. at 489, 494 (petition for habeas attacks fact or duration of a prisoner's confinement while civil rights action attacks conditions of confinement). The Court, therefore, determines that Mr. McGuire's remaining habeas due process claim, as brought under § 2241, must be dismissed, with prejudice.

12. The Court's conclusion is consistent with the deference that it must pay to state court adjudications. Here, the state district court dismissed Mr. McGuire's habeas petition (that formed the basis of his federal habeas petition) in summary fashion, and the state supreme court denied certiorari. Nonetheless, these rulings constitute "adjudications on the merits," as the state court decisions need not explicitly set forth the reasoning on which they are based. Aycox v. Lytle, 196 F.3d 1174, 1177-78 (10th Cir. 1999); *see also* Wright v. Angelone, 151 F.3d 151, 157 (4th Cir. 1998) (refusing to presume that a summary order indicates a cursory or haphazard review of a petitioner's claims). There is nothing to indicate that the state court rulings on Mr. McGuire's claims were based on mere technicalities or procedural irregularities. Instead, the district court in the state habeas proceeding stated that it had reviewed the pertinent pleadings and "determines that there is

no merit to the relief sought by Petitioner in his Petition." [Doc. No. 13, Ex. L.] Thus, this Court finds that these decision were "adjudications on the merits."

13. Similar to Respondents' position here, the state argued in the state habeas proceedings that Mr. McGuire had no constitutional right to any particular classification or degree of liberty within the prison system. The state also asserted that even if Mr. McGuire could demonstrate the existence of such a right, he received all the process he was due, and there was substantial evidence to support the determination that Mr. McGuire should be placed on restricted status. [Doc. No. 13, Ex. H.]

14. The Antiterrorism and Effective Death Penalty Act (AEDPA) requires that federal courts give great deference to the decisions of state courts in habeas cases. Title 28 U.S.C. § 2254(d) provides that an application for a writ of habeas corpus shall not be granted with respect to any claim adjudicated on the merits in state court proceedings unless the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law . . . . or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. While Mr. McGuire's due process claim was construed as being brought under § 2241 rather than § 2254, the deferential standard of § 2254(d) still applies in a § 2241 cases where the challenge was first heard in a state habeas petition. *See* Wheeler v. Hannigan, 37 Fed. Appx. 370, 2002 WL 432888 (10th Cir. Mar. 19, 2002); Powell v. Ray, 301 F.3d 1200, 1201 (10th Cir. 2002), *cert. denied*, 538 U.S. 927 (2003).

15. Based on the reasoning set about above, this Court finds that the state court's adjudication as to Mr. McGuire's due process claims was not contrary to clearly established federal law or an unreasonable application of clearly established federal law. Further, the state court's denial of those claims was not based on an unreasonable determination of the facts in light of the evidence

presented. Accordingly, this Court will recommend that Mr. McGuire's habeas due process claim be dismissed with prejudice.

## Recommended Disposition

That Mr. McGuire's sole remaining due process claims, as construed under § 2241, be dismissed, with prejudice and that the entire case be dismissed, with prejudice.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge