IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TRAVIS McGUIRE,

    Petitioner,

vs.                                                                    Civ. No. 03-1108 JP/LFG

TIM LeMASTER, et al.,

    Respondents.

## MEMORANDUM OPINION AND ORDER

On May 24, 2004, the honorable Chief Magistrate Judge Lorenzo Garcia filed Magistrate Judge's Analysis and Recommended Disposition (Doc. No. 28) recommending dismissal with prejudice of Petitioner's sole remaining claim of due process violations. On June 4, 2004, Petitioner filed objections (Doc. No. 32) to the May 24, 2004 proposed findings and recommended disposition. The Court now conducts a *de novo* review of the proposed findings and recommended disposition.

As a preliminary matter, the Petitioner objects to several inadvertent or mistaken statements made in the proposed findings. First, Petitioner correctly states that he is incarcerated at this time at the Southern Correctional Facility in Las Cruces, New Mexico rather than at the New Mexico Penitentiary in Santa Fe, New Mexico. Second, the Court agrees with Petitioner that he was placed in administrative segregation, not as a result of disciplinary action, but rather due to information that Petitioner was involved in a plan to escape.[1]

---

[1] Petitioner also argues that Judge Garcia falsely stated he was placed in administrative segregation for a period of four months rather than a period of about two months or less. In Judge Garcia's proposed findings, he noted that the records made it unclear as to how long Petitioner actually spent in administrative segregation. In any event, this factor does not change the Court's analysis.

A. Judge Garcia's Proposed Findings and Recommended Disposition

The Petitioner originally brought his claims under 28 U.S.C. §2254. On October 9, 2003, the Court dismissed Petitioner's claims, with the exception of the due process claim, without prejudice because those claims did not challenge the fact or length of Petitioner's confinement, a requirement for bringing a §2254 habeas corpus petition under 28 U.S.C. §2241. Order (Doc. No. 8). The Court found that except for the due process claim, Petitioner's other claims could only be pursued in a complaint under 42 U.S.C. §1983 since they challenged the Petitioner's conditions of confinement. The Court then construed the remaining due process claim as a habeas corpus claim brought under 28 U.S.C. §2241.

In his proposed findings and recommended disposition, Judge Garcia acknowledged that "[g]enerally, this type of due process claim, based on the allegations and relief sought, is not cognizable under the habeas corpus statutes and should have been brought under 42 U.S.C. §1983." Magistrate Judge's Analysis and Recommended Disposition at ¶4. In fact, Judge Garcia concluded "that Mr. McGuire's remaining due process allegations do not state a claim on which habeas relief can be granted. He does not challenge the fact or duration of confinement and does not seek the remedy of immediate release or a shortened period of confinement." *Id*. at ¶11. Furthermore, Judge Garcia found that the expanded record in this case indicates that the length of Petitioner's life sentence was not affected by his being placed in administrative segregation and reclassified to a Level VI status because Petitioner, as an inmate serving a life sentence, cannot earn good time credits to reduce his sentence. *See id.* at ¶8-¶10. The Court agrees with this assessment of Petitioner's due process claim and request for relief.

Nonetheless, Judge Garcia proceed to treat the due process claim as a §2241 claim and recommended dismissing the claim with prejudice under §2254(d). A claim brought under §2241 which attacks the unconstitutional conditions of confinement should, however, be dismissed without prejudice to allow the inmate to file a §1983 complaint. *See Rios v. Commandant, U.S. Disciplinary Barracks*, 100 Fed.Appx. 706 (10th Cir. 2004)(§2241 due process claim challenging prolonged administrative segregation which did not affect length of sentence was dismissed without prejudice so the inmate could file a §1983 complaint). That is the situation here. The Court will, therefore, not adopt Judge Garcia's recommended disposition of a dismissal with prejudice but instead will dismiss the due process claim without prejudice.

B. Petitioner's Remaining Objections

The remainder of Petitioner's objections are devoted to a re-hashing of his arguments that his due process rights have been violated, that he was improperly placed in administrative segregation, that prison officials failed to make an adequate investigation into the factual basis for placing Petitioner into administrative segregation, that Petitioner's equal protection rights were violated, that he has been subjected to cruel and unusual punishment, that his Sixth Amendment rights have been violated, and that he was improperly classified by the institution. Petitioner included several new allegations as well, e.g., that he has been denied access to the courts and that the courts have engaged in a civil conspiracy against him. Petitioner also makes a cursory attempt to argue that the accumulation of good time credits might affect the length of his confinement. These claims, however, do not challenge the fact or length of Petitioner's confinement in any meaningful way and therefore, cannot be adjudicated under this §2241 petition. These claims are more properly brought under §1983. Consequently, the Court overrules Petitioner's remaining

3

objections.

IT IS ORDERED that:

1. the Magistrate Judge's Analysis and Recommended Disposition (Doc. No. 28) is adopted in part;

2. Petitioner's substantive objections are overruled; and

3. Petitioner's remaining due process claim will be dismissed without prejudice.

_____
SENIOR UNITED STATES DISTRICT JUDGE